RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

 - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARQUIS L. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: _____ STCV24-02323 |
| | ) | |
| MAERSK LINE, LIMITED - USA, d/b/a | ) | |
| MAERSK LINE, LIMITED, and | ) | |
| MAERSK SELETAR TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

---

### COMPLAINT FOR DAMAGES

**COMES NOW**, MARQUIS L. CARTER, Plaintiff in the above-styled action, and brings this Complaint for Damages against the above-named Defendants, respectfully showing this Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1.  Plaintiff is a resident of Chatham County, Georgia.

2.  Defendant MAERSK LINE, LIMITED-USA, d/b/a MAERSK LINE, LIMITED, is a Delaware corporation with its principal office and place of business located at 999 Waterside Drive, Suite 1600, Norfolk, VA. Defendant will be served with process by serving its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30046-4805.

3.  At all times relevant to this cause of action, Defendant MAERSK LINE, LIMITED-USA, d/b/a MAERSK LINE, LIMITED, was doing business in the State of Georgia within Chatham County.

*Page 1 of 9*

# EXHIBIT 1

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

4.    Defendant MAERSK SELETAR TRUST is a foreign maritime entity with its principal office and place of business located with its principal office and place of business located c/o Maersk Line, Ltd.-USA at 999 Waterside Drive, Suite 1600, Norfolk, VA.  Defendant will be served with process at its principal office and place of business.

5.    At all times relevant to this cause of action, Defendant MAERSK SELETAR TRUST was doing business in the State of Georgia within Chatham County.

6.    Defendants own, manage, operate, direct, and crew vessels, including the *M/V Maersk Seletar*, to call upon and transact business in the Port of Savannah, Chatham County, Georgia, on a routine, regular, and systematic basis.

7.    This cause of action is based upon injuries sustained by Plaintiff on the navigable waters of the United States, more specifically, in Chatham County, Georgia.

8.    Plaintiff brings this cause of action under the Savings to Suitors clause of 28 USC § 1333, general maritime law, Georgia law, and all laws supplementary and amendatory thereto.

9.    Jurisdiction and venue are proper in this Honorable Court.

## II. FACTUAL ALLEGATIONS

10.    The Plaintiff incorporates by reference and re-alleges the preceding allegations (1-9).

11.    On or about January 13, 2024, Plaintiff was working  as a longshoreman aboard the vessel *M/V Maersk Seletar* at Container Berth 4 of the Garden City Terminal of the Georgia Ports Authority.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

12.     In the course of his employment duties on said date and place, Plaintiff was directed to perform certain duties on the vessel *M/V Maersk Seletar,* and Plaintiff was lawfully on the vessel at all times mentioned herein.

13.     Upon information and belief, Defendants own, manage, operate, direct, and crew vessels, including the *M/V Maersk Seletar*, to call upon and transact business in the Port of Savannah, Chatham County, Georgia, on a routine, regular, and systematic basis.

14.     At all times herein mentioned, the *M/V Maersk Seletar* was located on the navigable waters of the United States and within the State of Georgia for the purpose of loading and discharge of cargo.

15.      In this area, the broader term "gangway" is often used to refer to the ship's means of access even when the term could be called an accommodation ladder.

16.     The terms are often used interchangeably, but "gangway" is used herein to describe the subject means of access equipment in this case.

17.     While in the process of performing his duties on the *M/V Maersk Seletar,* Plaintiff began ascending the gangway to board the vessel.  While on the gangway, the gangway suddenly jolted off the dock and dropped between the dock and the vessel, causing injuries and pain to the Plaintiff.

18.     The chief mate knew that the gangway was at an increased risk of this type of event when there was too much slack in the line(s), and he had actually seen that there was a lot of slack in the line prior to the subject event.

19.     Even with this knowledge, the chief mate did nothing about it and allowed the condition to worsen.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

20.  Having seen a condition develop with the gangway that he knew or should have known to be concerning, the chief mate left the vessel. It is not yet clear where he went when he left.

21.  As a proximate result of these events, the Plaintiff sustained serious injuries.

22.  The manner in which these events occurred and the vessel's response indicates reckless indifference to the safety of workers like the Plaintiff.

23.  At all times relevant, the chief mate, night watch, gangway watch, and other crewmembers or vessel officers involved in the operation, inspection, and monitoring of the gangway were acting within the course and scope of their job duties for the vessel owner Defendant.

24.  While on the job and trusted by the Defendants to oversee the crewmembers who were charged with inspecting the gangway as well as those responsible for the gangway watch duties at the relevant time, the chief mate of the vessel admitted that he was not familiar enough with the ship to know if there was another problem with the gangway (or the related systems and controls).

25.  A vessel officer or crewmember knew that the lines had too much slack before the incident, he knew that the excess slack has caused the gangway to jolt and drop down in the manner that it did, and still he did nothing to correct the issue or warn despite this specific knowledge.

26.  This failure to report the dangerous condition that the chief mate observed and appreciated well before the incident is not isolated as merely the negligence of one of the agents or employees of the Defendant. Defendant Maersk Line Limited

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

 - Clerk of Court

has propounded policies which deters employees from contacting authorities freely and directly with safety concerns.

27.   Defendant Maersk Line Limited has demonstrated willingness to retaliate against Seaman who openly report Safety Concerns to the U.S. Coast Guard.

28.   Defendant Maersk Line Limited's own internal policies and history of retaliating against Seaman who report safety concerns openly to authorities fostered a chilling effect on other Seaman to openly report their observations to authorities.

### III.  CAUSES OF ACTION

29.   The Plaintiff incorporates by reference and re-alleges the preceding allegations (1-28).

30.   Defendants owed Plaintiff a duty to exercise reasonable care.

31.   Under basic seamanship, the vessel must ensure the gangway is safe for embarkation and debarkation.

32.   As a part of making the means of embarkation safe, the vessel must:

    a.   Ensure that the gangway is in good condition, safely rigged, and landed from the very beginning, before allowing anyone to board;

    b.   Ensure that the gangway, its controls, and all components are in safe working order;

    c.   Ensure that the gangway and all its components go are subjected to regular internal and external audits and testing;

    d.   Ensure that a safety net is properly secured and positioned; and

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM
- Clerk of Court

e.     At all times while the gangway is deployed, have a gangway watchman

vigilantly monitoring the gangway and promptly making adjustments were

needed;

f.      Keep non-crew workers off the gangway until safety defects are corrected.

33.   The vessel owes that responsibility to longshoremen and others who may have a

need to come on or off the vessel.  This is basic, but critical.

34.   These Defendants know that their sister ships have been involved in prior

dangerous gangway and safe access failures.

35.   Still, the Maersk Defendants do not have an adequate safety protocol among their

fleet concerning providing and maintaining safe access to their vessel.

36.   During the preceding intervals for gangway certification testing leading up to this

incident, Defendant Maersk Line Limited dissuaded employees from reporting

any concerns directly to the USCG or other federal, state, or local regulatory

agencies.

37.   It is customary for container vessels to maintain operational control of the means

of access and the related equipment throughout the entire stevedoring operation.

38.   Defendants had substantial control, oversight and knowledge of the equipment

on board of the *M/V Maersk Seletar*, and breached their duties to Plaintiff and

other longshoreman by failing to exercise reasonable care to properly operate and

maintain the equipment and ensure that the workers aboard the vessel were

provided with equipment fit for the equipment's intended use.

39.   At the relevant time, Defendants knew or should have known there was an unsafe

risk to the Vessel's means of access.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

40.   Defendants were in charge of, responsible for, and/or had control over the gangway and breached their duties to Plaintiff by failing to properly monitor, operate and maintain this equipment and by their failure to take necessary precautions required under basic seamanship.

41.   Plaintiff's injuries were not the result of any fault or negligence on the part of the Plaintiff, but were proximately caused by the negligence or gross negligence and wrongful conduct of Defendants, its agents, servants or employees, acting in the following respects:

   a.   failure to operate, monitor, maintain, inspect, and  replace damaged, defective or improperly controlled vessel equipment;

   b.   having incompetent officers, crew, and/or maintenance personnel responsible for operating, maintaining, inspecting and replacing damaged or defective vessel equipment;

   c.   failure to properly train officers, crew in the acts of operating, maintaining, inspecting and replacing damaged or defective vessel equipment;

   d.   failure to operate, monitor, and maintain the vessel and/or the gangway at issue in a reasonably safe condition and failure to provide Plaintiff with a reasonably safe place to work;

   e.   failure to maintain an appropriate policies and protocols;

   f.   failure to warn Plaintiff of the unreasonably dangerous condition of the *M/V Maersk Seletar* and its appurtenances and vessel equipment;

   g.   other acts of negligence, recklessness, or wrongful conduct which will appear more fully at the trial of this matter.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

 - Clerk of Court

42.   Defendants' negligent acts, omissions, and wrongful conduct constitute a proximate cause of the injuries sustained by Plaintiff.

## IV.   INJURIES AND DAMAGES

43.   The Plaintiff incorporates by reference and re-alleges the preceding allegations (1-42).

44.   Plaintiff brings this action against the Defendants to recover medical expenses, past, present, and future; lost wages, past, present, and future; pain and suffering, both physical and emotional, past, present, and future; and permanent impairment.

45.   Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense, such actions entitling Plaintiff to recover attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

### *Punitive Damages*

46.   The Plaintiff incorporates by reference and re-alleges the preceding allegations (1-45).

47.   The facts of this case support a finding of reckless indifference, wanton, or outrageous conduct.

48.   Accordingly, punitive damages are warranted under general maritime law, consistent with the common law rule.

**WHEREFORE**, Plaintiff prays for the following relief:

(A)   That summons and process issue and be served upon Defendants;

(B)   For a trial by a jury comprised of twelve persons;

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

(C)   That Plaintiff be awarded an appropriate sum to compensate him for his injuries and damages;

(D)   That the jury determine appropriate punitive damages under general maritime law and consistent with common law;

(E)   That Plaintiff be awarded reasonable attorneys' fees and litigation expenses; and

(F)   For such other and further relief as the Court deems just and proper.

This 10th day of October, 2024.

/s/ Brent J. Savage
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

 - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

MARQUIS L. CARTER,                      )
                                        )
    Plaintiff,           )
                                        )
v.                                      )   CIVIL ACTION NO: __STCV24-02323__
                                        )
MAERSK LINE, LIMITED - USA, d/b/a       )
MAERSK LINE, LIMITED, and               )
MAERSK SELETAR TRUST,                   )
                                        )
    Defendants.          )

---

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS MAERSK LINE, LIMITED - USA, d/b/a MAERSK LINE LIMITED AND MAERSK SELETAR TRUST

**COMES NOW** the Plaintiff in the above-styled case, and requires the above-named Defendants, pursuant to O.C.G.A. §9-11-33, to answer under oath and in writing the following interrogatories, within forty-five (45) days from the date of service hereof.

### NOTICE AND DIRECTIONS

**NOTE A:**     You are hereby required to respond to the Interrogatories, separately and fully in writing under oath, within forty-five (45) days of service and serve a copy of the response upon Plaintiff's attorneys.

**NOTE B:**     When used in the Interrogatories the term "Defendant" or "you" or any synonym thereof, is intended to and shall embrace and include all Defendants, individually, as well as all attorneys, agents, servants, representatives, private investigators and others who are in a position of obtaining or may have obtained information for or on behalf of Defendants relevant to these Interrogatories.

*Page 1 of 6*

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

**NOTE C:**    These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for the Plaintiff within thirty (30) days from receipt of such additional information but not later than ten (10) days prior to the time of trial.

**NOTE D:**    "Document" means: (1) every writing or record of every type and description that is or has been in your possession, control, or custody or of which you have knowledge, including but not limited to, correspondence, inter-office memoranda, tapes, email, computer files, hard disks, databases, backup tapes, stenographic or hand-written notes, studies, publications, books, pamphlets, pictures (drawings and photographs), films, microfilms, voice recordings, maps, reports, surveys, minutes, statistical computations, invoices, production orders, sales records, and any other writing evidencing or reflecting facts relevant to the Plaintiff's claims; (2) every copy of the above-described writing record where the original is not in your possession, custody or control; (3) every copy of each such writing or record where such a copy is not an identical copy of the original by virtue of any commentary or notation that does not appear on the original.

**NOTE E:**    Throughout these interrogatories, where Defendants are requested to identify a person, the following information should be furnished:

(a)    The person's full name;

(b)    His or her present home and business address and telephone number at each address;

(c)    His or her occupation; and

(d)    His or her place of employment.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

**NOTE F:**     As used herein, terms in the singular include the plural and terms in the plural include the singular.

1.      Please identify each and every person who has or claims to have knowledge or information (including medical information) regarding any facts, circumstances, or issues involved in Plaintiff's Complaint, including the witness's name, address, telephone number, employer, and job title, and a brief summary of the knowledge said witness has or claims to have.

2.      Please state the name, address and telephone number of those persons whose formal or informal statements, verbal or written, were obtained by you or any of your representatives in connection with the incident in question or any issue in this lawsuit. State the date of each statement, state where it was obtained, and identify by name, address and telephone number the person obtaining it.

3.      Do you have in your possession or do you have access to a written or recorded statement or summary of notes of an oral statement by the Plaintiff?  If so, please state the date of each statement, where it was obtained, and identify by name, address and telephone number the person obtaining it.

4.      Please state the name, address, telephone number, employer, and job title of any person or persons who made any investigations or reports as a result of or in connection with the incident giving rise to this lawsuit, and identify by title each report or other document resulting from same.

5.      Do you have, or does your attorney or other representative have any photographs, videotapes, sketches, diagrams, blueprints, plans, etc., taken or made in

*Page 3 of 6*

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

‿ ‿ ‿ ‿ ‿ - Clerk of Court

connection with the Plaintiff's injury or of the areas, matters, and things involved in Plaintiff's claim or this lawsuit?

6.      Please state the name, address, telephone number, and field of expertise of any person you have consulted or will consult as an expert witness or consultant in this case, irrespective of whether you intend to call or not call said person to testify in this matter.

7.      Please state the name, field of expertise, office address, and date of each examination or treatment for each physician who treated or examined the Plaintiff on your behalf at any time after the injury described in the Plaintiff's Complaint.

8.      At the time of the Plaintiff's injury as described in the Complaint, were there any policies (primary or excess) of insurance insuring your liability for the type of risk sued on herein? If so, please state the name and address of each such insurer; the policy number and limits of liability for each type of coverage; and the nature of any exclusions.

9.      Please identify any safety or operating rules, regulations or recommendations, whether written or verbal, pertaining to gangway of the vessel at the time of the injury described in the Complaint.

10.     Please state the name, address, and official capacity of the person or persons who answered or aided or consulted in answering these interrogatories.

11.     Identify and written reports or logs made of any monitoring/inspections of the gangway, either prior to or subsequent to Plaintiff's injury.

12.     If any oral reports were made of any such inspections referred to in the preceding interrogatory, please state the date of such report, and from whom and to whom said reports were made last preceding and first following Plaintiff's injury.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

13.     Did anyone give notice, or make complaints about the gangway on the vessel prior to the time of Plaintiff's injury?  If so, please state the name, address and job classification of all such persons, and, if such notice or complaint was in writing, the present location of said written document.

14.     Identify and photographs or videotapes in which the Plaintiff appears or of the site of Plaintiff's injury either before or after the injury occurred.

15.     Identify the person or persons responsible for maintaining the ship's gangway and ensuring their compliance with relevant standards.

16.     Identify any and all crew members who notified Plaintiff or Plaintiff's employer of an issue with the gangway on the vessel where Plaintiff was injured.

17.     State which documents Defendants possess, maintain or have access to which state the specifications for the inspection, maintenance and replacement of the gangway.

18.     State which documents Defendants possess, maintain or have access to which state the protocol/specifications for the inspection, maintenance and replacement of the gangway on the vessel.

19.     Identify the name, business and home addresses of the officers, directors and shareholders of the Defendants.

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

 - Clerk of Court

This 10th day of October, 2024.

/s/Brent J. Savage
Brent J. Savage
Georgia Bar No. 627450
Zachary R. Sprouse
Georgia Bar No. 276708

**SAVAGE TURNER PINCKNEY**
**SAVAGE & SPROUSE**
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140
bsavage@savagelawfirm.net
zsprouse@savagelawfirm.net

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

 **- Clerk of Court**

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARQUIS L. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO: _STCV24-02323_ |
| | ) | |
| MAERSK LINE, LIMITED - USA, d/b/a | ) | |
| MAERSK LINE, LIMITED, and | ) | |
| MAERSK SELETAR TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANTS

**COMES NOW**, Plaintiff in the above-styled case, and requires Defendant

Georgia Ports Authority, pursuant to O.C.G.A. §9-11-34 to produce for inspection and

copying at the offices of the Plaintiff's attorney of record, Brent J. Savage, at Savage,

Turner, Pinckney & Savage, 102 East Liberty Street, Eighth Floor, Savannah, Georgia

31401, the following documents within forty-five (45) days of the date of service of this

request.

Plaintiff requests that, along with the production of documents, a written

response be made detailing the documents produced and any documents covered by

these requests which the Defendants objects to producing.

**NOTE A:**     These requests are continuous and should be supplemented if

additional information is received at a later date.

**NOTE B:**     If documents requested are not in the Defendants' possession,

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

please state as follows:

    (1)    name of person who has possession or knowledge of whereabouts;

    (2)    business address of such;

    (3)    business telephone number of such.

    **NOTE C:**    If you claim that a privilege applies to any document sought by this request, then state the factual and legal basis for the claimed privilege and identify the document (by date, author, recipient, general subject matter) so that it can be described in a motion to compel.

    1.    Any and all accident records, reports, memoranda and emails relating to the Plaintiff in Defendant's possession.

    2.    The entire crew list of the *M/V Maersk Seletar* and the employee list of the *M/V Maersk Seletar* for the voyage and activity at issue herein, including addresses and telephone numbers.

    3.    Any and all log books (or other records) kept by the *M/V Maersk Seletar* for the aforesaid voyage, or by Defendant for the involved activity, including where applicable, but not limited to, the following:

    (a)    Deck logs;

    (b)    Engineer's logs;

    (c)    Medical logs;

    (d)    Radio logs;

    (e)    Repair and maintenance logs; and

    (f)    Electrical work logs.

    4.    Any and all statements, including of the Plaintiff, either oral or written,

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

signed or unsigned, and/or any and all recordings, by whatever means, relating to the incident complained of herein.

5.    All photographs, videotapes, records, and any other depiction or written descriptions taken by the Defendant or its representatives, involving, concerning, regarding or in any way connected with the matters at issue herein, including specifically any of Plaintiff.

6.    Any and all reports, notes, memoranda, correspondence, emails and related data made or kept by the Defendant, its agents, and/or employees, for or on behalf of or in the interest of the Defendant, and kept in its regular course of business, currently in existence or in its custody, possession and control, pertaining to Plaintiff's injury and claim against Defendant herein.

7.    All communications transmitted or received in connection with Plaintiff's injuries.

8.    All U.S. Coast Guard, Occupational Safety and Health Administration, or other reports or accident reports filed in connection with Plaintiff's injury.

9.    All medical and other types of bills paid by Defendant for medical treatment or services for Plaintiff or otherwise paid on Plaintiff's behalf.

10.    All expert's reports, test results, data relied on, and other information upon which said expert has relied or utilized to formulate his opinion, irrespective of whether said expert will or will not be called to testify or whether his or her opinion is not yet finalized.

11.    Copies of all policies of insurance (whether primary or excess) pertaining to the claims made in this lawsuit.

*Page 3 of 4*

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 10/10/2024 12:57 PM

- Clerk of Court

12.     All safety and/or operating rules, pamphlets, books, newsletters, posted notices, and other such safety or operating rules or regulations in effect at the time of the incident that forms the basis of this litigation.

13.     All contracts existing between the Defendants and between any other company or entity concerning the activities, vessel, crew members, etc., pertaining to the work activities undertaken on the date of Plaintiff's injury.

14.     Copies of any diagrams, sketches, drawings, blueprints, etc., of the area of the *M/V Maersk Seletar* where Plaintiff's injury occurred.

15.     All maintenance and repair records, if any, relating to the equipment and/or area of the *M/V Maersk Seletar* where Plaintiff's injury occurred, whether made before or after Plaintiff left the vessel.

16.     All written reports of routine or special inspections made of the equipment and/or area of the *M/V Maersk Seletar* where Plaintiff's injury occurred, whether made before or after Plaintiff left the vessel.

17.     Any safety management system entries pertaining to gangways.

18.     The manufacturer's manual for the subject gangway.

This 10th day of October, 2024.

                                        */s/ Brent J. Savage*
                                        Brent J. Savage
                                        Georgia Bar No. 627450
                                        Zachary R. Sprouse
                                        Georgia Bar No. 276708

SAVAGE, TURNER, PINCKNEY
SAVAGE & SPROUSE
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARQUIS L. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO:   STCV24-02323 |
| | ) | |
| MAERSK LINE, LIMITED - USA, d/b/a | ) | |
| MAERSK LINE, LIMITED, and | ) | |
| MAERSK SELETAR TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT AND WAIVER OF SERVICE
## AND WAIVER OF SUMMONS

NOW COME MAERSK LINE, LIMITED – USA, d/b/a MAERSK LINE, LIMITED and MAERSK SELETAR TRUST, by and through their attorneys of record, and as of the date affixed below, hereby acknowledge due and legal service of Plaintiff's Complaint for Damages, First Interrogatories and Request for Production of Documents in the above-styled action filed on October 10, 2024, and waive service of summons in this action while expressly reserving any and all rights and defenses.

This 6th day of November, 2024.

/s/ Todd M. Baiad
Todd M. Baiad
Georgia Bar No. 031605

BOUHAN FALLIGANT, LLP
One West Park Avenue
Savannah, GA 31401
(912) 644-5742
tmbaiad@bouhan.com

RECEIVED FOR FILING 11/6/2024 11:19 AM, CHATHAM CO. SUPERIOR/STATE COURT

‑ Clerk of Court

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

ACKNOWLEDGMENT AND WAIVER OF SERVICE AND WAIVER OF SUMMONS

upon all parties to this matter by filing same via the Court's e-file system which will send

electronic notification of such filing to counsel of record as follows:

Brent J. Savage, Esquire
Zachary R. Sprouse, Esquire
Savage Turner Pinckney Savage & Sprouse
Post Office Box 10600
Savannah, GA 31412
*Attorneys for Plaintiff*

This 6th day of November, 2024.

/s/ Todd M. Baiad
Todd M. Baiad
Georgia Bar No. 031605

BOUHAN FALLIGANT, LLP
One West Park Avenue
Savannah, GA 31401
(912) 644-5742
tmbaiad@bouhan.com

RECEIVED FOR FILING 11/21/2024 10:09 AM E-FILED CHATHAM CO. Document ID 1-1 AM
**- Clerk of Court**

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **MARQUIS L. CARTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO:  STCV24-02323** |
| | ) |
| | ) |
| **MAERSK LINE, LIMITED-USA,** | ) |
| **d/b/a MAERSK LINE, LIMITED,** | ) |
| **and MAERSK SELETAR TRUST,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS MAERSK LINE LIMITED-USA d/b/a MAERSK LINE LIMITED, AND MAERSK SELETAR TRUST'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, MAERSK LINE LIMITED -USA d/b/a MAERSK LINE LIMITED and MAERSK SELETAR TRUST (collectively referred to herein as "Defendants"), by and through their undersigned counsel of record, herewith files their <u>Answer</u> to Plaintiff's <u>Complaint</u>, and shows this Honorable Court as follows:

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party.  In this regard, Defendants show the M/V MAERSK SELETAR ("Vessel") was under bareboat charter between the Maersk Seletar Trust and Maersk Line, Ltd. As such, the correct party Defendant to this action is Maersk Line, Ltd., and Plaintiff's Complaint should therefore be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's <u>Complaint</u> fails to state a claim upon which relief can be granted and should, therefore, be dismissed.

RECEIVED FOR FILING 10/30/2024 10:02 PM CHATHAM CO. SUPERIOR COURT. DOCUMENT 11 AM

**- Clerk of Court**

### THIRD AFFIRMATIVE DEFENSE

Prior to turning over the Vessel for stevedore operations, Defendants conducted a reasonable inspection of the Vessel and her appurtenances and discovered no hazards or defects, thereby satisfying their responsibility to exercise ordinary care and turn over the Vessel to the stevedore in such condition that the stevedore could conduct cargo operations in a reasonably safe manner.

### FOURTH AFFIRMATIVE DEFENSE

To the extent the evidence should show that Plaintiff by ordinary care could have avoided the consequences to himself caused by any alleged negligence on the part of Defendants, any such negligence being expressly denied, Plaintiff would not be entitled to recover, or any recovery would be subject to reduction. Specifically, without limiting the generality of the foregoing, Defendants affirmatively plead and preserve the affirmative defenses of contributory negligence, assumption of the risk, comparative fault, and the doctrine of avoidance.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages by the virtue of the fact that any alleged danger encountered by Plaintiff was open and obvious.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the Plaintiff's comparative negligence. Defendants assert that the alleged incident and damages, if any, complained of in Plaintiff's Complaint, resulted solely and proximately from the fault and negligence or either of Plaintiff. Defendants deny that the incident which is the subject of this action occurred as alleged in Plaintiff's Complaint.  In the alternative, Defendants state that if it is determined that fault should

RECEIVED FOR FILING 11/21/2024 6:04:25 PM E-FILED CHATHAM CO. DOCUMENT # 1 AM

be assessed, the possible negligent acts or omissions of other persons or parties were the direct and proximate cause of some, or all, of the damages as alleged in Plaintiff's Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused solely by Plaintiff's negligence, inattention to his surroundings, and/or failure to exercise ordinary care for his own safety and were not caused or contributed to in any way by the negligence or breach of any duty by Defendants, or by the negligence or breach of any other party for which Defendants are responsible.

**EIGHTH AFFIRMATIVE DEFENSE**

By exercising ordinary care for his own safety, Plaintiff could have avoided the consequences to himself, and the damages complained of in this action caused by the negligence, breach of duty, or breach of warranty of other parties or entities for whose negligence, breach of duty, or breach of warranty the Defendants are responsible.

**NINTH AFFIRMATIVE DEFENSE**

Punitive damages are not available to Plaintiff under Section 905(b) of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. 901 *et seq.* To the extent that such damages are available, they are limited to the amount of compensatory damages awarded.

**TENTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiffs' First Amended Complaint seeks punitive damages, these Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decision of *BMW of N. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and

RECEIVED FOR FILING 10/7/2024 11:07 AM CLERK OF COURT EFFINGHAM CO. GA.  - Clerk of Court

*Exxon Shipping Co. v. Baker,* 554 U.S. 471 (2008) and their progeny as well as other similar cases under both federal and state law.

Additionally, these Defendants affirmatively plead the following in regard to punitive damages; Plaintiff's claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and similar provisions of the Georgia Constitution. Finally, while punitive damages are wholly improper, to the extent they are imposed and to the extent the Court finds that Georgia law applies (which it should not), they cannot exceed the Georgia statutory cap because Plaintiffs have not alleged circumstances that could allow that cap to be exceeded.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants will rely on any and all further affirmative defenses which may become available or appear during the discovery proceedings in this action. Defendants hereby reserve the right to amend their Answer for purposes of asserting such additional affirmative defenses.

## TWELFTH AFFIRMATIVE DEFENSE

Certain damages that Plaintiff has sought through the above captioned action are not recoverable under the General Maritime Law of the United States, and therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Subject to and without waiver of the aforementioned affirmative defenses, Defendants answer the numbers paragraphs of Plaintiff's Complaint as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's <u>Complaint</u> and, therefore, deny said allegations.

2.      Defendants admit only that Maersk Line, Limited, -USA is a Delaware corporation. Defendants further state that they acknowledged service on November 6, 2024.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

4.      Defendants deny the allegations contained within paragraph 4 of Plaintiff's <u>Complaint</u>.

5.      Defendants deny the allegations contained within paragraph 5 of Plaintiff's <u>Complaint</u>.

6.      Defendants deny the allegations contained within paragraph 6 of Plaintiff's <u>Complaint</u>.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

8.      Responding to paragraph 8 of Plaintiff's <u>Complaint</u>, Defendants show that this paragraph calls for a legal conclusion to which no response is required, and on that basis deny it.

9.      Defendants deny the allegations contained within paragraph 9 of Plaintiff's <u>Complaint</u>, and further show that a petition for removal to the United States District Court for the Southern District of Georgia is being filed along with Defendants' <u>Answer</u>.

## II. FACTUAL ALLEGATIONS

10.     Defendants reincorporate and restate their responses to paragraphs 1-9 above as if stated verbatim herein.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

13.      Defendants deny the allegations contained within paragraph 13 of Plaintiff's <u>Complaint</u>.  By way of further answer, the Vessel was under bareboat charter to non-party Maersk Line, Limited who was the owner pro hac vice of the Vessel.

14.      Defendants admit the allegations contained within paragraph 14 of Plaintiff's <u>Complaint</u>.

15.     Defendants deny the allegations contained within paragraph 15 of Plaintiff's <u>Complaint</u>.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

18.     Defendants deny the allegations contained within paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained within paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained within paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained within paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations contained within paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained within paragraph 23 of Plaintiff's Complaint.

24.     Defendants deny the allegations contained within paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny the allegations contained within paragraph 25 of Plaintiff's Complaint.

26.     Defendants deny the allegations contained within paragraph 26 of Plaintiff's Complaint.

27.     Defendants deny the allegations contained within paragraph 27 of Plaintiff's Complaint.

28.     Defendants deny the allegations contained within paragraph 28 of Plaintiff's Complaint.

RECEIVED FOR FILING 11/13/2024 10:00:00 AM  CLERK SUPERIOR COURT  CHATHAM CO.

- Clerk of Court

### III.  CAUSES OF ACTION
### Negligence – Maersk Line, Limited – USA, d/b/a Maersk Line,
### Limited and Maersk Seletar Trust

29.     Defendants reincorporate and restate their responses to paragraphs 1-28 above as if stated verbatim herein.

30.   Responding to paragraph 30 of Plaintiff's <u>Complaint</u>, Defendants state that this paragraph calls for a legal conclusion to which no response is required, and on that basis deny it.

31.     Responding to paragraph 31 of Plaintiff's <u>Complaint</u>, Defendants state that this paragraph calls for a legal conclusion to which no response is required, and on that basis deny it.

32.      Responding to paragraph 32 of Plaintiff's <u>Complaint</u>, Defendants state that this paragraph, and all of its subparts, calls for a legal conclusion to which no response is required, and on that basis deny it.

33.   Responding to paragraph 33 of Plaintiff's <u>Complaint</u>, Defendants show that this paragraph calls for a legal conclusion to which no response is required, and on that basis deny it.

34.     Defendants deny the allegations contained within paragraph 34 of Plaintiff's <u>Complaint</u>.

35.     Defendants deny the allegations contained within paragraph 35 of Plaintiff's <u>Complaint</u>.

36.     Defendants deny the allegations contained within paragraph 36 of Plaintiff's <u>Complaint</u>.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's <u>Complaint</u>, and therefore, deny said allegations.

38.     Defendants deny the allegations contained within paragraph 38 of Plaintiff's Complaint.

39.     Defendants deny the allegations contained within paragraph 39 of Plaintiff's Complaint.

40.     Defendants deny the allegations contained within paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained within paragraph 41, including all subparts, of Plaintiff's Complaint.

42.     Defendants deny the allegations contained within paragraph 42 of Plaintiff's Complaint.

## IV.  INJURIES AND DAMAGES

43.  Defendants reincorporate and restate their responses to paragraphs 1-42 above as if stated verbatim herein.

44.  Defendants admit only that Plaintiff is purporting to bring this action to recover certain alleged expenses, but deny the remaining allegations contained in paragraph 44 of Plaintiff's Complaint. Defendants specifically deny that they have any obligation to pay any of the alleged damages Plaintiff complains of.

45.  Defendants deny the allegations contained within paragraph 45 of Plaintiff's Complaint.

### *Punitive Damages*

46.     Defendants reincorporate and restate their responses to paragraphs 1-45 above as if stated verbatim herein.

RECEIVED FOR FILING IN OFFICE CLERK US DISTRICT COURT SAVANNAH DIV. 12/06/2024 11:13 AM

- Clerk of Court

47.     Defendants deny the allegations contained within paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations contained within paragraph 48 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Responding to the last unnumbered paragraph contained in Plaintiff's Complaint, beginning with "WHEREFORE," including each subparagraph contained therein, Defendants deny that Plaintiff is entitled to a judgment in his favor or for any relief whatsoever from these Defendants.

Defendants deny any and all allegations contained in Plaintiff's Complaint not heretofore admitted, denied, or otherwise responded to.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants Maersk Line, Limited – USA, d/b/a Maersk Line, Limited, pray that they be dismissed with prejudice and that all costs be paid by Plaintiff.

RESPECTFULLY SUBMITTED this 6th day of December, 2024.


                                        BOUHAN FALLIGANT, LLP


                                        /s/ Todd M. Baiad
                                        TODD M. BAIAD
Post Office Box 2139                    Georgia State Bar No. 031605
Savannah, Georgia                       LUCAS D. BRADLEY
(912) 232-7000 (voice)                  Georgia State Bar No. 672136
(912) 233-0811 (facsimile)              *Attorneys for Defendant Maersk Line,*
tmbaiad@bouhan.com                      *Limited*
ldbradley@bouhan.com

- Clerk of Court

## CERTIFICATE OF SERVICE

I, Todd M. Baiad, do hereby certify that I have this day served the following counsel of record with a copy of the foregoing Answer to Plaintiff's Complaint for Damages by U. S. first class mail with proper postage affixed thereon addressed as follows:

Brent J. Savage, Esq.
Zachary R. Sprouse, Esq.
SAVAGE TURNER PINCKNEY SAVAGE & SPROUSE
Post Office Box 10600
Savannah, Georgia 31412
bsavage@savagelawfirm.net
zsprouse@savagelawfirm.net

RESPECTFULLY SUBMITTED this 6th day of December, 2024.

BOUHAN FALLIGANT, LLP

/s/ Todd M. Baiad
TODD M. BAIAD
Post Office Box 2139                    Georgia State Bar No. 031605
Savannah, Georgia                       LUCAS D. BRADLEY
(912) 232-7000 (voice)                  Georgia State Bar No. 672136
(912) 233-0811 (facsimile)              *Attorneys for Defendant Maersk Line,*
tmbaiad@bouhan.com                      *Limited*
ldbradley@bouhan.com